UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PELLE PELLE, INC.,
        Plaintiff,                      CASE NO.: 5:07-CV-14281

vs.                                       DISTRICT JUDGE JOHN CORBETT O'MEARA
                                          MAGISTRATE JUDGE STEVEN D. PEPE

FACTORY TEXTILVERTRIEB GMBH,

        Defendant.
_____/

REPORT AND RECOMMENDATION TO GRANT IN PART
PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION, DAMAGES AND ATTORNEY FEES (DKT. # 37)

      On December 9, 2008, Plaintiff Pelle Pelle, Inc. filed a motion to for attorney fees, permanent injunction and an award of damages.  This matter was referred for hearing and determination under 28 U.S.C. § 636(b)(1)(A) , and a hearing was held on March 20, 2009.  For the reasons stated below, IT IS RECOMMENDED that Plaintiff's motion be granted in part.

      Plaintiff submits that it is entitled to remedies consisting of  the injunctive and equitable relief requested in the complaint, including the transfer and assignment of the www.pellepelle.de and www.pelle-pelle.de domain names to the Plaintiff.  Plaintiff's complaint filed in this action requests the following relief:

      1. An Order pursuant to Fed. R. Civ. P. 65 preliminarily and permanently enjoining Textil, its agents, servants and employees and all persons in active concert or participation with them, from (1) manufacturing, displaying, promoting, offering, disseminating, or selling the goods or services using the Pelle Marks; (2) maintaining, operating, or using the domain name www.pellepelle.de; (3) using any reproduction or colorable imitation of any Pelle Marks; (4)

making in any manner whatsoever any statement, indication, suggestion or representation, or performing any act likely to lead the public or individual members of the public to believe that Textil and/or its products are in any manner, directly or indirectly, associated, connected with, licensed, authorized, franchised or approved by Pelle or anyone associated with Pelle.

    2. An Order directing Textil to produce to Pelle's counsel for impoundment and destruction all unauthorized products, advertising materials, promotional materials, or any other good or material bearing the Pelle Marks or colorable imitations thereof in Textil's possession, custody or control, as well as within the custody or control of any persons associated with or acting on behalf of Textil.

    3. An Order requiring Textil to file with the Court and to serve on Pelle's counsel, within thirty (30) days after service of any preliminary injunction or permanent injunction a report in writing and under oath setting forth in detail the manner and form in which Textil has complied with the injunction;

    4. An accounting as provided in Section 4.4 of the Agreement, and of profits and other damages derived from the Textil's acts of breach on contract, trademark infringement, unfair competition, and unjust enrichment;

    5. An Order the transfer of ownership and control the Domain Name to Pelle.

    6. Judgment in favor of Pelle and against Textil in an amount to be set forth when determined as damages, the amount of damages including: (i) actual losses and harm suffered by Pelle due to Textil's actions and infringement; (ii) profits Pelle has lost or will lose due to Textil's actions and infringement; (iii) profits and advantages obtained by Textil by its actions and infringement; (iv) the amount by which Textil has been unjustly enriched or quantum meruit as a result of Textil's actions, infringement and unauthorized use of the Pelle Marks; and (v) treble

damages and attorneys' fees, or in the alternative, statutory fees and damages pursuant to 15 U.S.C. § 1117, and a proper amount of punitive and exemplary damages based upon the willful nature of Textil's conduct; and

      7. Any further relief as the Court deems necessary and proper.

Because a judgment in Plaintiff's favor has been entered and a prima facie case of copyright infringement established, IT IS RECOMMENDED that the motion for a permanent injunction be GRANTED enjoining Defendant, its agents, servants and employees and all persons in active concert or participation with them, from (1) manufacturing, displaying, promoting, offering, disseminating, or selling the goods or services using the Pelle Marks; (2) maintaining, operating, or using the domain name www.pellepelle.de; (3) using any reproduction or colorable imitation of any Pelle Marks; (4) making in any manner whatsoever any statement, indication, suggestion or representation, or performing any act likely to lead the public or individual members of the public to believe that Textil and/or its products are in any manner, directly or indirectly, associated, connected with, licensed, authorized, franchised or approved by Pelle or anyone associated with Pelle.

The Complaint does not request a sum certain for damages. Plaintiff provided a basis for an award of damages, as the minimum royalty in the amount of $620,400 per the License Agreement between Plaintiff and Defendant. The original license and distribution agreement provided that Plaintiff would receive 8% royalty with the license agreement providing the following guarantees in sales:

        $ 6,500,000 for the initial territory (Germany, Austria, Switzerland, Netherlands, Belgium, Luxembourg)

  $ 500,000 for France

  $ 200,000 for Scandinavia (Denmark, Sweden, Norway)

  $ 100,000 for Finland

  $ 250,000 for ltaly

  $ 205,OOO for Spain

for a total of $7,755,000 with 8% being $620,400. Because this is the minimum amount guaranteed to Plaintiff, IT IS RECOMMENDED that an award of damages in the amount of $620,400 be GRANTED.

  Plaintiff also seeks attorneys fees and costs under both Fed.R.Civ.P. 54(d) and 15 U.S.C. §1117 as the prevailing party in an "exceptional cases" under the Lanham Act. The amount Plaintiff seeks in attorney fees is $30,853.68 in attorneys' fees and $1,195.38 in costs allowable under 28 U.S.C. §1920 and the Bill of Costs Handbook. An award of attorney fees under the Lanham Act may be awarded upon a showing of malicious, fraudulent, deliberate or willful misconduct by the Defendant. See *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 853-854 (E.D. Mich. 2006). Plaintiff has failed to provide a showing that this case qualifies as exceptional. The argument Plaintiff puts forth in its motions is that the judgment in Plaintiff's favor resulted from sanctionable conduct by the Defendant for its failure to comply with numerous orders from the court and a clear warning that judgment would ensue if the orders were not followed. Yet, the sanction was a judgment against Defendfant, not attorney fees. Further, at the hearing Plaintiff argued a second basis for the awarding of attorney fees, specifically that the contract between the parties awarded the fees. Plaintiff, however, did not argue this theory in its motion nor did the complaint ask for the relief pursuant to a breach of contract theory. For these reasons, IT IS RECOMMENDED that an award of attorney fees be DENIED.

  It is recommended that Plaintiff's motion for a permanent injunction, damages and attorney fees be GRANTED IN PART and DENIED IN PART.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 3, 2009                                          s/Steven D. Pepe
Ann Arbor, Michigan                                            United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Report and Recommendation was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 3, 2009.

                                                s/Deadrea Eldridge
                                                Generalist Deputy Clerk